IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA,
ALBANY DIVISION

| | | |
|---|---|---|
| BRANDI EDWARDS, | ) | |
| AND ALL OTHER SIMILARLY | ) | |
| SITUATED | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-75 |
| PHOEBE PUTNEY HEALTH SYSTEM, | ) | |
| INC.; and PHOEBE PUTNEY HEALTH | ) | |
| SYSTEM SUMMARY OF BENEFITS | ) | |
| MEDICAL AND PRESCRIPTION, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

COME NOW, Phoebe Putney Health System, Inc. ("PPHS") and Phoebe Putney Health System Summary of Benefits Medical and Prescription ("the Plan"), referred to collectively as "Defendants," and respectfully submit the following Memorandum of Law in support of Defendants' Motion to Dismiss all claims set forth in the Class Action Complaint ("Complaint") filed by Plaintiff Brandi Edwards ("Plaintiff").

I.     **INTRODUCTION**

Plaintiff's claims in the Complaint are barred due to her failure to exhaust administrative remedies prior to filing this lawsuit.  In her Complaint, Plaintiff alleges that she and the putative class that she purports to represent are participants and beneficiaries of the Plan, and that Defendants breached their fiduciary duties with respect to the Plan under ERISA.  Conspicuously absent from Plaintiff's Complaint is any

assertion that Plaintiff or any members of the putative class that she proposes have exhausted administrative remedies under the Plan.  As discussed herein, a participant in a plan governed by ERISA is required to exhaust administrative remedies prior to filing suit in this Court. The failure to exhaust administrative remedies under ERISA bars Plaintiff from bringing suit until such time as she does exhaust the Plan's administrative remedies.

## II.     SUMMARY OF THE FACTUAL ALLEGATIONS IN THE COMPLAINT

In the Complaint, Plaintiff alleges that PPHS selected Phoebe Putney Health Partners ("Health Partners"), a 50% subsidiary of PPHS, as the network provider for the Plan.  (Complaint, ¶ 1.) [1]  The Plan is funded by contributions from PPHS, as well as premiums paid by PPHS employees.  (*Id*., ¶¶ 8, 10.)

Plaintiff asserts that the amount paid by the Plan for medical services rendered at Phoebe Putney Memorial Hospital through the Health Partners network "far exceeded what would have been paid if [PPHS] had selected another managed care network such as Blue Cross Blue Shield of Georgia or United HealthCare (collectively 'alternative networks')."  (*Id*., ¶ 17.)  Plaintiff also contends that "there was no difference in quality between the alternate networks that would justify selection of Health Partners given this cost disparity" and that Health Partners receives, "on average, a 33.3% greater reimbursement under the Health Partners network as compared to the alternate network."  (*Id*., ¶ 18.)  She also alleges that "[t]he selection of Health Partners as a network provider not only meant that the Plan paid more for services than it would have if an alternate

---

[1] Although accepted as true for the purposes of this Motion to Dismiss, Defendants reserve the right to challenge Plaintiff's factual allegations, should the Complaint survive Defendants' Motion to Dismiss.

network had been selected but also meant that Plan participants and beneficiaries paid more for co-insurance and deductibles than they would have had to pay if an alternate network had been selected." (*Id*., ¶ 25.)

Plaintiff is attempting to represent a class consisting of "all individuals who are or were participants or beneficiaries in the Plan during the period May 2009 to the present." (Complaint, ¶ 31.) She is contending that PPHS "caused the Plan to enter into prohibited transactions under ERISA § 406(b) when it: (a) entered into an agreement with Health Partners, a party in interest, to provide network and administrative services, (b) paid Health Partners for administrative services using Plan assets and (c) paid itself for medical services rendered to Plan participants and beneficiaries with Plan assets." (*Id*., ¶ 44 (Count I).) She also alleges that "[c]ompensation received by [Phoebe Putney Memorial Hospital] from the Plan for performing medical services for Plan participants was excessive and unreasonable in comparison with what the Plan would have paid if an alternate network had been chosen" and that the payment of this compensation is "a prohibited transaction under §406(a) of ERISA and is not exempted under the provisions of ERISA § 408(b)(2)." (*Id*., ¶ 51 (Count II).) Finally, Plaintiff alleges that PPHS breached its fiduciary duty under ERISA by selecting Health Partners to provide services for the Plan. (*Id*., ¶¶ 53-63 (Count III).)

## III.   ARGUMENT

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Bickley v. Caremark RX, Inc*., 461 F.3d 1325, 1328 (11th Cir. 2006) (quoting *Counts v. Amer. Gen'l Life & Acc. Ins. Co*., 111 F.3d 105, 108 (11th Cir. 1997)). The exhaustion requirement applies equally

LEGAL02/35696470v2

to claims for benefits and claims for violation of ERISA itself, including an alleged

breach of fiduciary duty. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1224-25 (11th

Cir. 2008); *Bickley*, 461 F.3d at 1325 (citing *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d

1309, 1316 n.6 (11th Cir. 2000)).  ERISA's exhaustion requirement serves an important

purpose because it "reduce[s] the number of frivolous lawsuits under ERISA,

minimize[s] the cost of dispute resolution, enhance[s] the plan's trustees' ability to carry

out their fiduciary duties expertly and efficiently by preventing premature judicial

intervention in the decisionmaking process, and allow[s] prior fully considered actions by

pension plan trustees to assist courts if the dispute is eventually litigated." *Bickley*, 461

F.3d at 1330 (quoting *Mason v. Cont'l Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir.

1985)).

Moreover, the Eleventh Circuit requires that exhaustion of administrative

remedies be pled in the complaint.  For example, in *Byrd v. MacPapers*, the Eleventh

Circuit held that:

> Limiting our review to the allegations contained on the face of Byrd's complaint,
> we hold that the district court did not abuse its discretion in finding that plaintiff
> failed to plead exhaustion of administrative remedies or impossibility. Plaintiff
> did not allege anything about whether she pursued any available relief under the
> claims procedures terms of MacPapers' employee benefits plan.

*Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992); *see also Variety*

*Children's Hosp. v. Century Medical Health Plan,* 57 F.3d 1040, 1042 n.2 (11th Cir.

1995).  Here, Plaintiff has not pled that she exhausted administrative remedies or that it

would have been futile to do so.

Under the terms of the Plan, PPHS, as Plan Administrator, has "maximum legal

discretionary authority to construe and interpret the terms and provisions of the Plan, to

make determinations regarding issues which relate to eligibility for benefits, to decide disputes which may arise relative to a Plan Participant's rights, and to decide questions of Plan interpretation and those of fact relating to the Plan." (Plan, p. 76.)[2]  The Plan document also states that "[n]o action at law or in equity shall be brought to recover under any section of this Plan until the appeal rights provided have been exercised and the Plan benefits requested in such appeals have been denied in whole or in part." (*Id.*, p. 1.)  The Plan includes a Claim Procedure section, which sets forth the process for the Plan Administrator to consider claims regarding the Plan. (*Id.*, p. 58-62.)  Because the Plan establishes an administrative review process with regard to claims related to the Plan and its benefits, Plaintiff must first satisfy her administrative remedies under ERISA before she can pursue litigation in this Court.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint due to Plaintiff's failure to exhaust administrative remedies, which is a condition precedent to Plaintiff being able to pursue the claims in her Complaint.

---

[2]      When considering a motion to dismiss, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997). Here, Plaintiff is seeking relief on the basis of her participation in, and the terms and administration of, the Plan, and therefore, the Plan document is central to her claims, even if she did not physically attach the Plan document as an exhibit to her Complaint.

Respectfully submitted,

Dated: July 20, 2015

/s/ H. Douglas Hinson
H. Douglas Hinson
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC  20004-1404
Email: doug.hinson@alston.com
Telephone:  (202) 239-3300
Facsimile:  (202) 239-3333

Patrick C. DiCarlo
Elizabeth Wilson Vaughan
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7000
Fax: (404) 253-8401
pat.dicarlo@alston.com
beth.vaughan@alston.com

*Counsel for Defendants*

LEGAL02/35696470v2

## CERTIFICATE OF SERVICE

This is to certify that I have this day of July 20, 2015, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Del Percilla, Jr.
1801 Gillionville Road
Albany, GA 31707-3736

Robert M. Beauchamp
Robert M. Beauchamp Attorney at Law, LLC
1713 Dawson Road
Albany, GA 31707

Norris A. Adams, II
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727

Edward G. Connette
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727

Respectfully submitted,

/s/ H. Douglas Hinson
H. Douglas Hinson

LEGAL02/35696470v2